**Madge C. SCOTT and Madge C. Scott, as Executrix of the Estate of Beeler E. Scott, Deceased, Plaintiff,**

v.

**James L. McCRORY, as Director of Internal Revenue for the District of Nebraska, Defendant.**

**Civ. No. 050.**

United States District Court
D. Nebraska.

Oct. 7, 1957.

Basking & Baskins, North Platte, Neb., for plaintiff.

Byron D. Strattan, Asst. U. S. Atty., Omaha, Neb., for defendant.

ROBINSON, Chief Judge.

Madge C. Scott and Beeler E. Scott, now deceased, filed joint returns for the years 1951, 1952, and 1953, wherein they reported net gains from the sale of capital assets. The District Director disallowed these items as capital gains and treated them as ordinary income, which created a deficiency in each of the taxable years. The additional liabilities were paid under protest and, when a timely claim for refund was denied, this

suit was instituted. The question presented is whether the gains realized from the sale of certain tracts of land, Beeler E. Scott's interest in which was acquired solely by inheritance, are taxable as capital gains under Section 117 of the 1939 Internal Revenue Code, 26 U.S.C.A. § 117, as contended by the plaintiff, or as ordinary income under Section 22, as maintained by the government.

There is no doubt that Beeler E. Scott, the principal taxpayer, was engaged generally in the real estate business. His income tax returns alone indicate this. However, the plaintiff is not thereby foreclosed. The decisive matter is whether Scott's activities, with respect to the particular tracts, are of such a nature as to preclude one from saying that the land sold by him was not held by him primarily for sale to customers in the ordinary course of his trade or business.

Ordinarily, activities in such a context are indistinguishable, hence the plausibility of imputing business motives to both the holding and the disposition. The situation of a property owner's engaging a realtor to dispose of his land is not far removed, easily leading itself to the same criticism. The business activities of the agent are often identified with those of the principal, especially if it is the latter's purpose for the agent to enter into the business of real estate in his behalf. Agency cannot serve as a convenient means for obscuring the real intent of the parties, nor for divesting the principal of his proper responsibility. Brown v. C. I. R., 5 Cir., 143 F.2d 468. But it is evident that the activities of the agent as they relate to the property owner are intelligible only within the frame of reference of the latter's purpose. And while they may be indicative, they are not determinative, of it. Thus it follows that where, from the property owner's standpoint, there exists no business purpose and none is intended, mere reliance upon a realtor's knowledge and experience will not saddle him with one. Smith v. Dunn, 5 Cir., 224 F.2d 353.

By an extension of this analysis, no logical reason occurs to the Court why one cannot be engaged in the task of disposing of property owned by himself and at the same time not be considered to have held it for sale to customers in the ordinary course of his business. Practical reasons do, of course, but this reduces the proposition to a careful consideration of the facts. Dual status has been recognized in the case of an executor and heir. Garrett v. U. S., D.C., 120 F.Supp. 193. Hence there is no justification for a blanket rule barring recognition of the roles of realtor and heir. Indeed, a realtor's dual status is not novel. Goldberg v. C. I. R., 5 Cir., 223 F.2d 709. Cf., South Texas Properties v. C. I. R., 16 T.C. 1003; Houston Deepwater Land Co. v. Scofield, D.C., 110 F.Supp. 394; and Ross v. C. I. R., 5 Cir., 227 F.2d 265.

The proposition might be stated as thus; if, in the course of a holding of real estate, there is found to be no element of a business motive present, then the activities surrounding a subsequent disposition will not place the holder in the real estate business by virtue of the fact that, professionally, he is also a realtor. Perhaps for our purposes the expression can just as well be inverted: had Scott not been one of the heirs of an undivided interest in the tracts of land, would his activities in behalf of the property owners be considered consonant with the position that the transactions were capital in nature?

Liquidation of an inherited asset is ordinarily regarded as a capital transaction, Garrett v. U. S., supra. Furthermore, there is no question but that the heirs are entitled to sell the asset in an advantageous manner. Victory Housing No. 2, Inc., v. C. I. R., 10 Cir., 205 F.2d 371. Rendering an asset more attractive in order to make it marketable is merely a preliminary, not a constitutive element of a business. Fahs v. Crawford, 5 Cir., 161 F.2d 315. The frequency of the transactions in a short period of time is consistent with this

538

practice. Lobello v. Dunlap, 5 Cir., 210 F.2d 465. It is the totality of these and other activities, then, which ultimately become determinative.

 Scott's status as a realtor, we conclude, does not affect the essential character of his activities with relation to these tracts. On his earnings as a realtor he reported and paid an income tax. But inasmuch as those activities are found primarily to be liquidating in nature, the transactions insofar as the heirs are concerned are capital, and his status as one is not thereby jeopardized. Hence he is entitled to the preferential treatment provided under Section 117. We so hold.

It is appropriate to make one admonition. The meaning of Section 117, or of that portion with which we are here concerned, eludes precise definition. Hence the principles of law with respect to what constitutes capital gain or ordinary income are significant, in the final analysis, only within the peculiar factual confines of each case. The factors which emerge, case by case, as helpful guides for the practical problem of reaching a solution are found to vary radically. It is acknowledged that none of them is determinative, and certainly the presence or absence of any one is not conclusive. Each case must turn on its own facts and circumstances. To reiterate, in the present case the facts demonstrate that the roles of the taxpayer are distinguishable, permitting this Court to consider that a holding of the property may not be for the purpose of sale in the ordinary course of his business. With that in mind, the activities constituting the actual disposition of the property were found to be insufficient, in their proper context, to place him as an heir in the real estate business.

However, since the facts were presented at the trial in an oblique manner, namely, primarily through exhibits, it behooves plaintiff's counsel to prepare and submit careful findings of fact and conclusions of law, together with an order, which are in harmony with the expressions of this memorandum.

Judgment for the plaintiff; findings within 10 days.